IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,          No CR-99-0199 VRW

      v

DEREK JOHNSON,                ORDER

        Defendant.

_____/

        Defendant Derek Johnson has filed a motion under 18 USC section 3582(c)(2) seeking a modification of his sentence. Doc #53. For the reasons stated herein, the motion is DISMISSED.

        On April 10, 2001, defendant signed a plea agreement wherein he pled guilty to a crime in violation of 21 USC section 841(a)(1). Doc #37. Defendant received ten years' imprisonment with an additional five years of supervised release and was ordered to pay a $100 special assessment. Under the terms of the plea agreement, the government agreed to drop the four remaining charges. These other charges were based upon alleged violations of

21 USC section 841(a)(1) and 18 USC sections 922(g) and 922(k). Doc #37.

Defendant previously filed a motion on January 24, 2006 challenging his sentence pursuant to 28 USC section 2255. Doc #49. The court denied defendant's motion and explained that in connection with his plea agreement, defendant explicitly waived his right to bring a section 2255 motion on any grounds other than ineffective assistance of counsel. The court also found that in any event, defendant's argument lacked merit. Doc #52.

Defendant's motion under 18 USC section 3582(c)(2) is dismissed for the following reasons.

Section 3582(c)(2) permits the modification of a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission * * *." Defendant argues that he should receive a sentence reduction in light of the passage of Amendment 599 of the Federal Sentencing Guidelines. Doc #53. Amendment 599 became effective on November 1, 2000 and applies retroactively. Amendment 599 prohibits the "double-counting" of sentencing enhancements where there are also separate convictions under 18 USC sections 844(h), 924(c) or 929(a) related to the underlying offense.

Defendant's argument fails for several reasons. First, in signing his plea agreement, defendant specifically agreed "not to file any collateral attack on my conviction or sentence, including a petition under 28 USC § 2255, at any time in the future after I am sentenced, except for a claim that my constitutional right to the effective assistance of counsel was violated." Doc

#38. Defendant's motion under section 3582(c)(2) constitutes a collateral attack on his sentence and is thus prohibited by the terms of his plea agreement.

Second, even if defendant had not waived his right to file such collateral attacks on his sentence, his argument still fails on its merits since Amendment 599 does not apply to defendant's case. Amendment 599 only applies to violations of 18 USC sections 844(h), 924(c) and 929(a) and defendant was only charged with violating 21 USC section 841(a)(1) and 18 USC sections 922(g) and 922(k).

Moreover, since Amendment 599 does not even apply to defendant's case, his motion has been improperly brought under 18 USC section 3582(c)(2) and should be considered as a motion under 28 USC section 2255. Since defendant has already filed a motion under section 2255, this current motion is considered a successive motion and is therefore barred. <u>Porter v Adams</u>, 244 F3d 1006, 1007 (9th Cir 2001).

Defendant's motion is DISMISSED.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge